# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION COLUMBUS

| | |
|---|---|
| THE INDEPENDENT ORDER OF FORESTERS<br>789 Don Mills Road<br>Toronto, Ontario<br>Canada M3C 1T9<br><br>    Plaintiff,<br><br>  v.<br><br>LISA SHERMAN<br>925 Ridenour Road<br>Columbus, Ohio 43230<br><br>STEVEN HALM<br>5046 Garden Lake Court<br>Medina, Ohio 44256<br><br>    Defendants. | Case No:<br><br>Judge:<br><br>Magistrate Judge:<br><br>**INDEPENDENT ORDER OF FORESTERS COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

Plaintiff The Independent Order of Foresters ("Foresters") pleads its complaint against Defendants Lisa Sherman ("Sherman") and Steven Halm ("Halm") as follows:

## I.   INTRODUCTION

1. Foresters is a fraternal benefit society which issued a life insurance contract Certificate 8898625 insuring the life of Lisa Sherman.

2. A true and correct copy of Foresters Certificate 8898625 is attached as Exhibit 1, with pages 2-40 as the Certificate and the remainder additional materials provided at issuance.

3. On or about February 15, 2019, Ms. Sherman completed and signed an application for insurance which led Foresters to issue Foresters Certificate 8898625.

4. A true and correct copy of Ms. Sherman's signed February 15, 2019 application is attached as Exhibit 2, with pages 2-10 as the application and page 1 the data page.

5. Ms. Sherman claims that her former husband who is now deceased, Gary Sherman, was insured under Certificate 8898625 and she has made a claim for benefits under the contract in an amount exceeding $75,000.00 exclusive of interest and costs.

6. Ms. Sherman has provided documents to Foresters which were not created by Foresters

and which appear to be fraudulent as the documents are inconsistent with both the Certificate 8898625 Ex. 1 and the application Ex. 2.

7. A true and correct copy of the documents provided by Ms. Sherman to Foresters is attached as Exhibit 3 ("Fraudulent Certificate").

8. Foresters files this action because Ms. Sherman has submitted documents which were not created by Foresters in an attempt to claim coverage under Certificate 8898625 for Gary Sherman, who is not insured under that contract or any contract issued by Foresters.

## II. JURISDICTION AND VENUE

9. Foresters is organized under Canadian law and has a principal place of business at 789 Don Mills Road, Toronto, Ontario M3C 1T9 in Canada.

10. Foresters is a citizen of a foreign state for purposes of diversity jurisdiction in the federal courts.

11. Upon information and belief, Lisa Sherman is an individual who resides at 925 Ridenour Road, Columbus, Ohio 43230.

12. Ms. Sherman is a citizen of the State of Ohio for purposes of diversity jurisdiction in the federal courts.

13. Upon information and belief, Steven Halm is an individual who resides at 5046 Garden Lake Court, Medina, Ohio 44256.

14. Mr. Halm is a citizen of the State of Ohio for purposes of diversity jurisdiction in the federal courts.

15. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction because this lawsuit is between a citizen of a foreign state and citizens of Ohio.

16. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction because Ms. Sherman seeks insurance benefits in excess of $75,000.00 exclusive of interest and costs.

17. Pursuant to 28 U.S.C. § 1391(b)(1), venue is appropriate in the Southern District of Ohio because Ms. Sherman resides in Columbus, Ohio and both defendants are Ohio residents.

18. Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in the Southern District of Ohio because a substantial part of the events or omissions giving rise to his claim occurred in Columbus, Ohio.

19. Pursuant to 28 U.S.C. §115(b)(2), venue is appropriate in the Eastern Division of the Southern District of Ohio in Columbus because this claim arises from events which occurred in Franklin County, Ohio. Specifically:

    a. Upon information and belief, Ms. Sherman completed the application for Certificate 8898625 at her home in Franklin County, Ohio.

    b. Certificate 8898625 was delivered to Ms. Sherman at her home address in Franklin County, Ohio.

    c. Ms. Sherman has made a claim for benefits from her home in Franklin County, Ohio.

### III. GENERAL ALLEGATIONS

20. Defendant Steven Halm is an insurance broker who is licensed by the State of Ohio to engage in the business of insurance for Resident Major Lines for Accident, Health and life insurance.

21. On or about February 21, 2017, Mr. Halm entered a General Agent Agreement with Foresters which allowed him to act as an independent contractor to place certificates of insurance through Foresters for individual life insurance.

22. A true and correct copy of the General Agent Agreement entered between Mr. Halm and Foresters on February 21, 2017 is attached as Exhibit 4.

23. On or about February 15, 2019, Mr. Halm met with Lisa Sherman and her husband Gary Sherman to review life insurance options available for purchase.

24. Ms. Sherman signed the application for insurance that is attached as Exhibit 2.

25. Based upon the representations in that application, Foresters issued Certificate 8898625 that is attached as Exhibit 1.

26. Foresters mailed Certificate 8898625 to Mr. Halm, and upon information and belief, Mr. Halm provided Certificate 8898625 to Ms. Sherman.

27. For the next several years from 2020 – 2023, Foresters mailed annual statements to Ms. Sherman at her home address for Certificate 8898625 which show Ms. Sherman as the insured and owner of the Certificate.

28. In March 2023, Ms. Sherman informed Foresters that her husband Gary Sherman had died and she sought benefits under Certificate 8898625 for his death.

29. Foresters informed Ms. Sherman that it did not issue any life insurance coverage on the life of Gary Sherman and that Certificate 8898625 does not cover his life.

30. Ms. Sherman provided a copy of a different and incomplete certificate which she claimed was Certificate 8898625 ("Fraudulent Certificate" Exhibit 3) that is materially different than Certificate 8898625.

3

31. The Fraudulent Certificate (Exhibit 3) purports to use the number 8898625 and identifies Gary Sherman as both the insured and certificate owner.

32. In contrast, the actual Certificate 8898625 (Exhibit 1) identifies Lisa Sherman as both the insured and certificate owner.

33. The Fraudulent Certificate also has other material differences in terms and forms that comprise the actual Certificate 8898625.

34. While investigating this claim, Foresters submitted written questions to both Ms. Sherman and Mr. Halm.

35. Ms. Sherman confirmed her signature, which is the same signature that appears on the application attached as Exhibit 2.

36. Mr. Halm confirmed that Ms. Sherman was the only person who applied for coverage under a Foresters certificate.

37. Mr. Halm confirmed that no application was sought or completed for Gary Sherman.

38. Mr. Halm denied creating or providing the documents to Ms. Sherman that are attached as the Fraudulent Certificate Exhibit 3.

## COUNT 1 DECLARATORY JUDGMENT
### (Ms. Sherman)

39. Foresters repeats and incorporates the allegations stated above as if stated herein.

40. Foresters issued Certificate 8898625 (Exhibit 1) to Lisa Sherman, which identifies her as both the owner and insured under it.

41. Ms. Sherman completed and signed the insurance application attached as Exhibit 2, which led Foresters to issue Certificate 8898625.

42. From 2020 – 2023, Foresters mailed annual statements to Ms. Sherman showing her as both the insured and owners of Certificate 8898625.

43. Certificate 8898625 does not insure the life of Gary Sherman.

44. No term within Certificate 8898625 provides coverage to any other person, including no coverage to Gary Sherman for life or accident insurance.

45. Foresters seeks a declaratory judgment that Certificate 8898625 does not provide coverage or death benefits for the life of Gary Sherman.

## COUNT 2 FRAUD
### (Alternatively Against Both Defendants)

46. Foresters repeats and incorporates the allegations stated above as if stated herein.

47. In March 2023, Ms. Sherman informed Foresters that her husband Gary Sherman had died and she sought benefits under Certificate 8898625 for his death.

48. Foresters informed Ms. Sherman that it did not issue any life insurance coverage on the life of Gary Sherman and that Certificate 8898625 does not cover his life.

49. Ms. Sherman provided a copy of a different and incomplete certificate which she claimed was Certificate 8898625 ("Fraudulent Certificate" Exhibit 3) that is materially different than Certificate 8898625 (Exhibit 1).

50. The Fraudulent Certificate purports to use the number 8898625 and identifies Gary Sherman as both the insured and certificate owner.

51. In contrast, the actual Certificate 8898625 identifies Lisa Sherman as both the insured and certificate owner.

52. The Fraudulent Certificate also has other material differences in terms and forms that comprise the actual Certificate 8898625, including missing forms and pages of forms, as well as alterations of text on the Fraudulent Certificate.

53. While investigating this claim, Foresters submitted written questions to both Ms. Sherman and Mr. Halm.

54. Ms. Sherman confirmed her signature, which is the same signature that appears on the application (Exhibit 2).

55. Mr. Halm confirmed that Ms. Sherman was the only person who applied for coverage under a Foresters certificate.

56. Mr. Halm confirmed that no application was sought or completed for Gary Sherman.

57. Mr. Halm denied creating or providing the documents to Ms. Sherman that are attached as the Fraudulent Certificate Exhibit 3.

58. Ms. Sherman has submitted a Fraudulent Certificate to Foresters which she purports to be Certificate 8898625.

59. By submitting the Fraudulent Certificate, Ms. Sherman has made a false representation to Foresters.

5

60. By submitting the Fraudulent Certificate, this false representation is material to any insurance benefits as Ms. Sherman has represented that it is the document governing the contractual relationship.

61. Upon information and belief, the Fraudulent Certificate was submitted with knowledge that it was not the actual copy of Certificate 8898625, specifically that it was inconsistent with the application (Exhibit 2) that Ms. Sherman signed.

62. Upon information and belief, Ms. Sherman submitted this fraudulent document with intent to deceive Foresters, and obtain payment of $125,000.00 in coverage that is not available under the actual Certificate 8898625.

63. Alternatively, if Ms. Sherman was provided the Fraudulent Certificate by Mr. Halm, then he has made a false representation of coverage under Certificate 8898625.

64. Any provision of a Fraudulent Certificate by Mr. Halm to Ms. Sherman carries the same materiality as alleged above because insurance benefits are governed by Certificate 8898625.

65. Upon information and belief, any provision of a Fraudulent Certificate by Mr. Halm was submitted with knowledge that it was not the actual copy of Certificate 8898625, specifically that it was inconsistent with the application that Ms. Sherman signed.

66. Upon information or belief, any provision of a Fraudulent Certificate was made with the intent to deceive either Ms. Sherman or Foresters to the financial detriment of Foresters through payment of a death benefit that is not owed under Certificate 8898625.

67. Foresters has been damaged by the attempted fraud through devotion of employee time, resources, and hiring of outside counsel to review and confirm these facts and the resulting claim.

68. If Foresters is held to owe Ms. Sherman coverage under Certificate 8898625 for benefits arising from Gary Sherman's death, then alternatively, any fraud by Mr. Halm will have damaged Foresters in that amount and Foresters may recover from him.

## COUNT 3 CONTRACTUAL INDEMNITY
### (HALM)

69. Forester repeats and incorporates the allegations stated above as if stated herein.

70. On or about February 21, 2017, Mr. Halm entered a General Agent Agreement with Foresters which allowed him to act as an independent contractor to place contracts of insurance in the form of Certificates through Foresters for individual life insurance.

71. A true and correct copy of the General Agent Agreement entered between Mr. Halm and Foresters on February 21, 2017 is attached as Exhibit 4.

72. Among the general duties Mr. Halm is authorized to perform under this General Agent Agreement are to submit applications for insurance and comply with all laws relating to insurance.  See Id. at ¶6.

73. Among the duties expressly not granted to Mr. Halm under this General Agent Agreement are to:

    a. Accept risks, incur debt or liability or make contracts in the name of Foresters;

    b. Waive, alter, modify or change any Forester Certificate, terms, rates or customary requirements;

    \*     \*     \*     \*

    d. Deliver Certificates except in accordance with Foresters instructions and during the good health of the proposed insured . . . .

See Id. at ¶5.

74. The General Agent Agreement provides that each party is responsible to the other for its acts or omissions in a section titled "Indemnification".  See Id. at ¶9.

75. To the extent that Foresters may become liable to Ms. Sherman and that liability is due to the acts or omissions of Mr. Halm, or by any person on his behalf, Foresters asserts a contract claim for damages in excess of $75,000.00 exclusive of interest or costs against Mr. Halm.

76. To the extent that Foresters may become liable to Ms. Sherman and that liability is due to the acts or omissions of Mr. Halm, or by any person on his behalf, then Mr. Halm has breached the contract by violating the terms outlined above.

**PRAYER FOR RELIEF**

Wherefore, Foresters prays for judgment determining that:

A. Certificate 8898625 does not provide coverage on the life of Gary Sherman;

B. Either Ms. Sherman or Mr. Halm owe damages for submission of a Fraudulent Certificate to Foresters;

C. Mr. Halm owes contractual indemnity to Foresters; and,

D. Foresters may recover such costs, interest, attorney fees, or other relief allowable by statute, at law or in equity.

Respectfully Submitted,

*s/ David W. Walulik*
David W. Walulik (Ohio 076079)
FROST BROWN TODD LLC
301 E. Fourth Street
Suite 3300
Cincinnati, OH 45202
(513) 651-6877
dwalulik@fbtlaw.com

Dated:  June 23, 2023

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

                                         Respectfully submitted,

                                       *s/ David W. Walulik*
                                        David W. Walulik (Ohio 076079)
                                        FROST BROWN TODD, LLC
                                        3300 Great American Tower
                                        301 East Fourth Street
                                        Cincinnati, Ohio 45202
                                        Phone: (513) 651-6877
                                        dwalulik@fbtlaw.com

0133011.0768691   4859-2677-5913v1